**S. LEWIS LIONBERGER COMPANY, Plaintiff,**

v.

**EDWARD G. GERRITTS, INC., Defendant.**

Civ. A. No. 87–0338–R.

United States District Court,
W.D. Virginia,
Roanoke Division.

Oct. 21, 1987.

---

David B. Hart, Fox, Wooten & Hart, Roanoke, Va., for plaintiff.

William B. Poff, Woods, Rogers & Hazelgrove, Roanoke, Va., for defendant.

## MEMORANDUM OPINION

TURK, Chief Judge.

The case is before the court on defendant's request for transfer to the Southern District of Florida. The request is based on the forum selection clause in the subcontractor agreement signed by both parties. The court finds this clause to be mandatory and enforceable, however, reserves to the Florida court any question regarding the convenience of the Florida forum.

The defendant, Edward J. Gerritts, Inc., a Florida general contractor, entered into a subcontractor agreement with plaintiff, S. Lewis Lionberger Company to perform work in Roanoke, Virginia. The contract contained a forum selection clause designating the Southern District of Florida as the forum. A dispute arose concerning the quality at Lionberger's workmanship and Gerritts withheld partial payment. Lionberger brought suit in the Circuit Court for the City of Roanoke. The case was removed to this court under 28 U.S.C. §§ 1332 and 1441. Gerritts now requests enforcement of the contractual choice of forum clause.

■ Traditionally, forum selection clauses have not been favored by the courts. However, in certain contexts, both the Supreme Court and the Fourth Circuit have enforced such clauses. See *The Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10, 92 S.Ct. 1907, 1913, 32 L.Ed.2d 513 (1971) ("[s]uch clauses are prima facie valid. . . .); *Mercury Coal & Coke, Inc., v. Mannesmann Pipe and Steel Corp.*, 696 F.2d 315 (1982) (extending *The Bremen* reasoning to non-admirality, diversity cases). To overcome application of a forum selection clause the objecting party must "show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *The Bremen*, 407 U.S. 1, 15, 92 S.Ct. 1907, 1916. Lionberger has failed to meet this burden.

Section XII(e) of the subcontractor agreement states:

Subcontractor hereby submits itself to the jurisdiction of the federal courts of the Southern District of Florida for the resolution of any and all disputes involving an aggregate amount of $10,000.00 or more and agrees that service by registered mail to its address set forth above shall constitute sufficient service of process.

Lionberger argues that this section was intended to apply if Gerritts should be the plaintiff. Although Gerritts drafted the contract and as such the contract should be construed against the company, the language clearly applies to "any and all disputes", without consideration of who is suing. Thus, the forum selection clause is mandatory.

■ As to the validity of the clause, no allegations of fraud or inequality of bargaining power are presented. Also, no strong public policy of the Florida courts which may be prejudicial to either party is suggested. Rather, Lionberger's objections rest on the inconvenience of litigating in Florida. Performance of the contract was in Virginia and most of the witnesses reside in Virginia. Inconvenience of the chosen forum is grounds for invalidating a forum selection clause only if enforcement would deprive a party of his day in court. *The Bremen*, 407 U.S. 1, 18, 92 S.Ct. 1907, 1917. This court declines to weigh the inconvenience of the Florida forum as both

parties under the contract are free to litigate in the Southern District of Florida. Any questions concerning the inconvenience of the selected forum is reserved to the Florida court. This transfer is granted on the mandatory nature of the forum selection clause and that the clause is neither unreasonable nor unjust.